**State, ex rel. Remley,**
v.
**Board of Education**
*[Cite as 4 AOA 121]*

*Case No. CA-3489*
*Licking County, (5th)*
*Decided June 1, 1990*

*Dennis L. Pergram, Robin L. Parker, Martin, Pergram, Browning & Parker, L.P.A., 69 E. Wilson Bridge Rd., Box A, Worthington, Ohio 43085-0892, for Relator-Appellee.*

*James W. Hostetter, Ass't Prosecuting Attorney, Newark, Ohio 43055, for Respondents-Appellants.*

HOFFMAN, J.

Plaintiff-relator-appellee is State of Ohio, ex rel., Carol Remley and defendant-respondent-appellant, et al., is the Board of Education of Licking Heights Local School District, et al.

Following is an accurate rendition of the facts of this appeal adopted from appellant-Board's brief.

Carol Remley ("Remley") taught within the Licking Heights Local School District for a number of years, commencing in the 1979-1980 school year. Her initial employment as well as subsequent employment was under various limited contracts. In February, 1986, Remley acquired the appropriate professional certification from the Ohio Department of Education. The fact of filing of the certificate with the defendant-Board is not at issue.

At the conclusion of her three-year limited contract which expired with the 1985-1986 school year, Remley was considered for a continuing contract by the Board. The facts are uncontroverted that the appropriate notice was given to Remley by the County Superintendent as required by Section 3319.11 of the Ohio Revised Code. The notice indicated that he intended to recommend to the Board that Remley be awarded a one-year limited contract in lieu of the continuing contract. Included with the notice, pursuant to statute, were recommendations for the professional improvement of the teacher.

The facts are also stipulated and indisputed that the Board met in April, 1986, at a special meeting to consider, among other things, the contract status of the Plaintiff. At the meeting, the Board passed a resolution to re-employ the plaintiff under a one-year limited contract as recommended by the County and local Superintendents. The Board directed the local superintendent to so notify Remley. That notice was dated April 29, 1986, and subsequently delivered to Remley.

Remley was employed and fulfilled her teaching contract for the 1986-1987 school year. At the conclusion of that contract, the Board voted not to renew the contract and Remley's employment by the Board was terminated. As with the previous year, Remley was informed by the local superintendent of the Board's decision at the direction of the Board of Education.

Remley subsequently filed an action in the trial court captioned "Complaint for Declaratory Judgment, Writ of Mandamus and Damages," (Filed November 16, 1987). Subsequently, the parties entered into stipulations of fact and filed these on July 17, 1989, in the trial court. A copy of these is attached to this Memorandum Opinion and made a part hereof. After the stipulations were filed, the parties filed cross-motions for summary judgment, stipulating that "the only evidence to be presented to the Court" would be within the above-cited Stipulations.

By memorandum decision filed August 18, 1989, the court entered summary judgment in favor of appellee and against the Board and ordered the matter to be heard as to damages. After said hearing, the court issued a judgment entry awarding damages in the amount of some $39,100 and $153.92 per day for the 1989-90 school year for each day thereafter until Remley was reinstated as a teacher.

Appellant-Board has raised the following sole assignment of error:

"I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF. UNDER THE FACTS OF THIS CASE, THE NOTICES GIVEN BY DEFENDANT BOARD WERE SUFFICIENT TO SATISFY THE REQUIREMENTS OF SECTION 3319.11 OF THE OHIO REVISED CODE. CONSEQUENTLY, SUMMARY JUDGMENT SHOULD HAVE BEEN ENTERED FOR DEFENDANTS AND PLAINTIFF'S CLAIM DISMISSED."

Appellant has also complied with our Loc. R. 4(D) by informing this court that the instant summary judgment "is inappropriate based in the undisputed facts."

I

This appeal revolves around a sole issue and that simply is whether the "local superintendent," when so ordered by the school board, has the authority to execute the required notice in question herein, *viz* non-renewal notice to a

teacher on a limited contract. Obviously teacher Remley prevailed at the trial court level on the basis that the superintendent had no such authority.

Upon the clear and unambiguous language of the subject statute, R.C. 3319.01 and *State, ex rel. Harper v. Bd. of Education* (1966), 7 Ohio St.2d 49, we find the Board's sole assignment of error well taken.

R.C. 3319.01 provides in pertinent part:

*"The Superintendent of a school district shall be the executive officer for the Board.* Except as otherwise provided in this section for Local School Districts, he shall direct and assign teachers and other employees of the schools under his supervision, except as provided in Section 3319.04 of the Revised Code; assign the pupils of the schools under his supervision to the proper school and grades, provided that the assignment of a pupil to a school outside of his district of residence is approved by the Board of the district of residence of such pupil; *and perform such other duties as the Board determines."* (Emphasis added).

We find the following argument of appellant to be persuasive:

"Clearly, the Superintendent is authorized to perform duties as directed by the Board of Education. A review of Exhibits C and E attached to the Stipulations, as well as a review of the Board minutes attached thereto, indicates that the Board of Education voted to award a one (1) year limited contract to non-renew that contract in 1987. The notices were executed by the Superintendent upon the direction of the Board of Education as provided in the statute set forth above. It should also be noted that Stipulation eleven indicates that Remley taught under the one (1) limited contract for the 1986-87 school year without complaint."

Put simply, if we are to accept appellee's argument that the local superintendent does not have the authority to be the "messenger," then that officer could neither be the Board's agent/executive in issuing a notice of renewal as was done to appellant by letter dated April 26, 1986. See Stipulations 9, 10, and 11.

*Harper's* syllabus reads as follows:

"The board of education of a local school district has authority to employ an executive head and delegate to him the duty of carrying out the policy decisions of the board as well as certain ministerial duties, such as the receiving of the county superintendent's recommendations of the re-employment of teachers and the sending of written notices to teachers that they will not be re-employed." (Sections 3319.02 and 3319.11 of the Revised Code construed.

For the above reasons, appellant's sole assignment of error is sustained. The judgment of the Court of Common Pleas of Licking County, Ohio, is reversed and the complaint of the plaintiff-relator-appellee Carol Remley is dismissed.

*Judgment reversed.*

MILLIGAN, P.J., concurs and
SMART, J., dissents.

SMART, J., dissenting.
I dissent.
Revised Code §3319.11 states in pertinent part:

"The superintendent may recommend re-employment of such teacher, if continuing service status has not previously been attained elsewhere, under a limited contract for not to exceed two years, provided that written notice of the intention to make such recommendation has been given to the teacher with reasons directed at the professional improvement of the teacher on or before the thirtieth day of April, and provided that written notice from the board of education of its action on the superintendent's recommendation has been given to the teacher on or before the thirtieth day of April, but upon subsequent re-employment only a continuing contract may be entered into. If the board of education does not give such teacher written notice of its action to the superintendent's recommendation of a limited contract for not to exceed two years before the thirtieth day of April, such teacher is deemed re-employed under a continuing contract at the same salary plus any increment provided by the salary schedule..."

The majority finds that R.C. 311.01 "clearly" permits the Board to delegate the duty outlined in 3319.11 to the superintendent. I am not persuaded that the superintendent may perform this duty for the Board.

In my view, the statutory scheme devised by the legislature provides that the superintendent make the recommendation to the Board; the Board makes the final decision. The Board must then notify the teacher of its decision. For the same person to give the recommendation and the notice is a conflict of interest based upon the statutory duties and a violation of the clear

wording of the statute. I think the Board may no more delegate the duty of notification than it may delegate the duty of deciding whether to award the continuing contract.

The majority cites the case of *State, ex rel. Harper v. Board of Education* (1966), 7 Ohio St.2d 49, as authority for its holding that the Board may delegate to the superintendent the sending of the statutory notice. I find *Harper* inapplicable.

The Supreme Court in *Harper* held:
"The board of education of a local school district has authority to employ an executive head and delegate to him the duty of carrying out the policy decisions of the board as well as certain ministerial duties, such as the receiving of the county superintendent's recommendations on the re-employment of teachers and the sending of written notices to teachers that they will not be re-employed." (Sections 3319.02 and 3319.11 of the Revised code construed.)
Syllabus by the Court.

In *Harper*, the Board of Education employed an executive head to perform certain duties. Appellee has incorrectly asserted that this executive head was just a superintendent by another name. The facts in *Harper* were that there was both an executive head, and also a superintendent. The duties to recommend and to notify were not delegated to the same person in *Harper*.

In the case of *State, ex rel. Lee v. Board of Education* (1985), 17 Ohio St.3d 124, decided some nine years after *Harper*, our Supreme Court held that where a teacher is not given written notice, pursuant to statute, that the superintendent intends to recommend that she not be awarded a continuing contract, then the recommendation is effective and the teacher has a statutory *right* to the continuing contract. In *Lee*, it was undisputed that the teacher did have actual notice of the superintendent's intentions, including written materials. The Supreme Court's holding in *Lee* directs us that "substantial compliance" is not sufficient; there must be strict compliance with the statutory scheme.

If the teachers must follow the statutory rules for appeals to "survive," then it is only fair for the same responsibility to fall on the Board of Education to do its required steps in the procedure.

I would overrule the assignment of error and affirm the trial court's decision.